## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TRAN Q. THIET AND CHAT THIET** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.  1:10-cv-00916** |
| **CHASE HOME FINANCE, LLC AND** | § | |
| **JPMORGAN CHASE BANK** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("JPMC" and collectively, "Defendants") file their Notice of Removal of this action from the District Court in the 53rd Judicial District, Travis County, Texas, wherein it is now pending as Cause No. D-1-GN-10-003891, to the United States District Court for the Western District of Texas, Austin Division, the District Court of the United States for the District and Division embracing the place where this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendants show this Court as follows:

1.      On November 2, 2010, Plaintiffs Tran Q. Thiet and Chat Thiet ("Plaintiffs") commenced an action against Defendants in the 53rd District Court, Travis County, Texas, entitled *"Tran Q. Thiet and Chat Thiet v. Chase Home Finance, LLC and JPMorgan Chase Bank,"* pending as Cause No. D-1-GN-10-003891.

2.      Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not elapsed since Plaintiffs' Original Petition (the "Petition") was served upon Defendants.

3.      Pursuant to § 1446(d), this Notice of Removal will be filed with the State of Texas District Court, in Travis County, and a copy of this Notice of Removal will also be served

on Plaintiffs.  Attached as Exhibit "A" is an appendix of all documents filed in the state court that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings and orders served upon Defendants.  Defendants have filed contemporaneously with this Notice a civil cover sheet.

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States; specifically:

(a)      <u>The Amount in Controversy Exceeds the Federal Minimum</u>

<u>Jurisdictional Requirements</u>

(i)      Plaintiffs' Petition adjudicates issues related to the attempted foreclosure of real property, including a request for a temporary and permanent injunction keeping Defendants from foreclosing the lien encumbering the subject property.  *See* Petition, Ex. A-2, ¶38, Prayer.  The original principal balance of the underlying note and deed of trust was $490,500.00.  *See* Ex. A-2, ¶10.  Plaintiffs also allege the attempted foreclosure of the subject property was wrongful. *See id.,* ¶¶37-39.

(ii)      The real property at issue in this lawsuit has a current fair market value of $668,545.00 according to the Travis Central Appraisal District.  Absent the requested injunctive relief, Plaintiffs could be divested of all right, title, and interest to the subject property.  Thus, the value of the requested injunctive relief to Plaintiffs is $668,545.00 – the current appraised fair market value of the subject property.

(iii)      "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  In other words, "[t]he amount in controversy, in an action for

declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

          (iv)     Plaintiffs also allege claims of breach of contract, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") related to the underlying loan agreement.  Plaintiffs seek unspecified actual damages, statutory damages, credit damages, mental anguish damages, and exemplary damages under the DTPA.  *See* Ex. A-2, ¶¶23, 25, 40.  Plaintiffs also seek their attorney's fees.  *Id.* at ¶¶28, 36.  Accordingly, in light of the value of the subject property and additional damages sought by Plaintiffs, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000.

        (b)     <u>There is Complete Diversity between Defendants and Plaintiffs</u>

          (i)     JPMC was, at the time of the filing of this action, has been at all times since, and still is a national association with its main office, as designated by its articles of association, in Columbus, Ohio.  A national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *See Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006).  Accordingly, JPMC is a citizen of Ohio.

          (ii)     CHF was, at the time of the filing of this action, has been at all times since, and still is a limited liability company under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  The sole member of CHF is Chase Home Finance, Inc., a corporation formed under the laws of Delaware, with its principal place of business in New Jersey.  Accordingly, CHF is a citizen of Delaware and New Jersey.

(iii)    Plaintiffs Tran Q. Thiet and Chat Thiet were, at the time of the filing of this action, have been at all times since, and still are individual resident citizens of the State of Texas. *See* Ex. A-2, ¶¶2-3.

(iv)    28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)    citizens of different states; --"

28 U.S.C. § 1332(a) (1).

(v)    For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

(vi)    As Defendants are citizens of the States of Ohio, Delaware, and New Jersey, while Plaintiffs are citizens of the State of Texas, but not Ohio, Delaware, or New Jersey, complete diversity of citizenship exists between Plaintiffs and Defendants.

(c)    Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter as the amount in controversy meets the federal jurisdictional minimum and there is a complete diversity of citizenship between Plaintiffs and Defendants.

5.    There has not been any adjudication on the merits of the Petition in the state court action that would deprive Defendants of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir. 1989) ("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (*quoting* 1A Moore, Federal Practice P 0.157[9] at 153 (1987)).

6.      The State Court in which this action was commenced is within this Court's district and division.

7.      This Notice of Removal is being filed with the 53rd District Court in Travis County, Texas, and is being served via United States Mail on Plaintiffs' counsel, as set forth in the attached Certificate of Service.

WHEREFORE, Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A. pray that the above-described action now pending in the 53rd District Court in Travis County, Texas, be removed to this Court.

Respectfully submitted,


  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
JUSTIN R. OPITZ
State Bar No. 24051140
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
jopitz@qslwm.com

**ATTORNEYS FOR DEFENDANTS
CHASE HOME FINANCE LLC AND
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiffs, via certified mail, return receipt requested, as set forth below, on this 30th day of November, 2010:

Richard L. Welch
Law Offices of Richard L. Welch
8140 MoPac Expressway North
Westpark IV, Suite 260
Austin, TX 78759


_/s/ Wm. Lance Lewis_____
Wm. Lance Lewis